## CHARLES D. HATCH *vs.* GEORGE W. FULLER.

Middlesex.   November 9. — 21, 1881.   MORTON & ALLEN, JJ., absent.

In an action for seducing the plaintiff's servant, expressions or exclamations, denoting pain or illness, uttered by the servant, are admissible in evidence for the plaintiff, whether uttered before or after the date of the writ.

In an action for the seduction of the plaintiff's servant, a girl between twelve and thirteen years of age, while living with the defendant, evidence of indecent familiarities on his part toward her, of her being in bed with him several times, and of her private parts being found, soon after she ceased to live with him, to be inflamed and lacerated, will warrant the jury in finding that she had been debauched by the defendant.

In an action by a father for the loss of service of his minor daughter, caused by her being debauched by the defendant, the plaintiff is entitled to damages for the injury to his feelings caused thereby, although the declaration does not allege that she is his daughter.

TORT for seduction.   Writ dated March 2, 1880.   The declaration was as follows: "And the plaintiff says that the defendant assaulted, debauched and carnally knew one Cora Hatch, then and from thence hitherto the servant of the plaintiff, whereby the said Cora Hatch became sick and unable to render service to the plaintiff so being her master as aforesaid, and thereby the plaintiff was deprived of the services of his said servant." Answer, a general denial.   Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows:

It appeared in evidence that the plaintiff was the father of Cora Hatch, and that she lived in the house of the defendant from June 1879 to March 2, 1880, under an arrangement between the plaintiff and the defendant, by which the latter was

to board and clothe her, and allow her to go to school and be a companion to his daughter, and by which the plaintiff might take her away at any time. The defendant admitted that the plaintiff was entitled to Cora's services.

There was evidence that, when Cora went to the defendant's house, she was a smart, active girl, bright, cheerful and healthy; that from September 1879 to March 2, 1880, she attended school, three miles off, every day, except a week in November when she was ill, sometimes walking both ways; and that on said March 2 she walked both ways; that in November 1879 Cora complained of a headache and said "she felt so bad that she did not know but what something else ailed her;" that on the evening of said March 2 she complained of lameness across her bowels and loins; that her face looked bad; that there were dark circles around her eyes, and her walk was unnatural; that in May 1880 Cora complained of pain; and that she died on October 12, 1880, of pneumonia, after an illness of three weeks, at the age of thirteen years. The plaintiff objected to any complaints made by Cora at other times than at the time of the alleged injury; but the judge admitted the evidence.

There was also evidence that in the summer of 1879, and in January and February 1880, there were indecent familiarities on the part of the defendant towards Cora; that she was several times in bed with him for a few minutes, and once for twenty minutes; that on March 8, 1880, Cora was examined by a competent physician, who testified that he found her private parts inflamed and lacerated, with a dilation of the vagina one inch in depth, which in his judgment must have been caused by force. He also testified that the injury to the private parts was not a recent one, and that it was not possible to tell when it was done.

Upon this evidence, which was all the evidence in the case material to the questions presented, the defendant requested the judge to rule that there was no evidence to warrant the jury in finding that the defendant debauched and carnally knew the plaintiff's servant, and that there was no evidence to warrant the jury in finding that there was any loss of ability to render service to the plaintiff by Cora Hatch because of her seduction by the defendant. The judge declined to give this ruling.

The defendant then requested the court to rule as follows: "1. The plaintiff is not entitled to recover for loss of ability to render service to him by said servant, unless said loss of ability to render service is the direct and immediate result of the criminal act. 2. If the jury find that said loss of ability to render service is the direct and immediate result of the criminal act of the defendant under this declaration, the plaintiff can recover damages only for said loss of ability to render service, and not for any distress and anxiety of mind which the plaintiff as father of said servant may have sustained in being deprived of the society and comfort of his daughter, and by the dishonor which he has received, nor for any other wrong which the plaintiff may have sustained because of the relation of father and daughter which existed between the plaintiff and his said servant."

The judge gave the first ruling asked for, and refused to give the second, but ruled otherwise. Other appropriate instructions were given which were not objected to by the defendant. The jury returned a verdict for the plaintiff in the sum of $2000; and the defendant alleged exceptions.

*G. C. Travis*, for the defendant.

*W. B. Gale & W. N. Mason,* (*J. P. Gale* with them,) for the plaintiff.

BY THE COURT. The evidence objected to was rightly admitted. The complaints of pain do not appear to have been statements of fact or narrations of past occurrences, but only such exclamations or expressions as usually and naturally accompany, and manifest the existence of, present pain or illness. *Bacon* v. *Charlton,* 7 Cush. 581. 1 Greenl. Ev. § 102. The fact that some of these complaints were made since the date of the writ affected their weight only, and not their competency. *Barber* v. *Merriam,* 11 Allen, 322. The plaintiff was entitled to recover in this action all the damages, whether before or after the date of the writ, resulting from the injury sued for.

The instructions requested were rightly refused. There was some evidence for the jury that the plaintiff's daughter and servant had been debauched by the defendant, and thereby rendered less able to perform services for the plaintiff; whether it was sufficient was a question of fact, and not of law. The

foundation of the action is the loss of service; and the injury to the plaintiff's feelings as a father is but one element in computing the damages, and need not be specially alleged in the. declaration. *Phillips* v. *Hoyle,* 4 Gray, 568.

*Exceptions overruled.*