COMMONWEALTH *vs.* JAMES K. JARDINE.

Middlesex.   Jan. 28. — Feb. 23, 1887.   C. ALLEN & HOLMES, JJ.,
absent.

At the trial of an indictment for an assault and battery, if the defendant introduces evidence that he was not the aggressive party, but acted in self-defence, and was severely beaten by the other party, and was confined to his bed for weeks, he may also show that, during his confinement, he complained of pain and suffering in limbs and body; and the fact that he made such complaints may be proved by the testimony of his wife.

INDICTMENT for an assault and battery.   At the trial in the Superior Court, before *Thompson,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*C. H. Hudson,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

GARDNER, J.   The defendant at the trial offered evidence tending to show that he was not the aggressive party, and that, at the time of the alleged assault, he was acting in self-defence. He offered testimony that he was severely beaten by the person alleged to have been assaulted, and that he was laid up and confined to his bed for weeks.   This evidence was apparently admitted without objection.   The defendant then attempted to show that, during his confinement, he made complaints of pain and suffering in limbs and body.   This was in the same line of the testimony already introduced.   It was offered for the purpose of showing the extent and amount of his injuries.   It was competent for the purpose for which it was offered, and should have been admitted.   The complaints of pain and suffering would not include statements of facts, nor narrations of past occurrences.   The inquiry called for exclamations of pain and suffering, and nothing more.   *Hatch* v. *Fuller,* 131 Mass. 574.

The fact that the wife of the defendant was the witness by whom the exclamations of pain were to be proved, does not exclude her from testifying to these facts.   She is not brought

within the limitation of the Pub. Sts. *c.* 169, § 18, *cl.* 1, as the inquiry did not call upon her to testify to private conversations with her husband.                    *Exceptions sustained.*