WILLIAM J. HAYES, administrator, *vs.* PITTS-KIMBALL
COMPANY.

Suffolk.    January 20, 1903. — May 20, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Evidence*, Competency, Declarations of deceased persons.    *Negligence*, Gross, Employer's liability, Due care of person in charge of child.    *Elevator*.

In an action for the conscious suffering and death of the plaintiff's intestate, a boy five years of age, the plaintiff may introduce the statements of the intestate in conversations at different times, after the accident which resulted in his death, for the purpose of showing that he was conscious, his remarks being verbal acts tending to show his condition.

In order to admit the declaration of a deceased person, under St. 1898, c. 535, it is not necessary that the witness should give the exact words of the declaration if he can state the substance.

For the operator of an elevator in a department store, immediately after a woman and a boy five years of age have left the elevator on the third floor, to start the elevator upward without closing the door of the elevator well, is evidence of gross negligence on the part of the operator, for which his employer may be held liable if it causes loss of life.

It does not, as matter of law, show want of due care on the part of a woman fifty-three years of age going up in the elevator of a department store and having in charge her grandchild, a boy five years of age, that the boy followed another woman out of the elevator when it stopped at the third floor.

TORT for the conscious suffering and death of the plaintiff's intestate, caused by falling down an elevator well in the department store of the defendant in Boston, by reason of the gross negligence of the defendant's servant operating the elevator. Writ dated May 8, 1899.

At the trial in the Superior Court before *Richardson*, J., it appeared, that the accident happened in January, 1899, on the fifth birthday of the plaintiff's intestate, when the intestate had been taken by his grandmother, fifty-three years of age and since deceased, to the defendant's store to make purchases for his birthday and to see a play which was given there. The intestate and his grandmother were in the elevator when it stopped at the third floor of the building. There a lady got off, and the boy followed her. His grandmother called to him; whereupon he turned, and saw the elevator going up with his grandmother

in it.   In trying to get on it he caught the floor of the elevator with his hands, and after holding on for a short time fell to the bottom of the elevator well, receiving the injuries which caused his death.   The door of the elevator well was open.   The door of the elevator itself also was open.

Certain evidence mentioned in the opinion was admitted against the objection of the defendant, and at the close of the evidence the judge refused to give certain rulings requested by the defendant.   The jury returned a verdict for the plaintiff in the sum of $2,600, assessing $100 for conscious suffering of the intestate and $2,500 for his death.   The defendant alleged exceptions, raising the questions stated by the court.

*T. W. Proctor*, for the defendant.

*J. W. Allen*, for the plaintiff.

KNOWLTON, C. J.   This is an action to recover for an injury to the plaintiff's intestate, a boy five years of age, which caused his death a few hours afterwards.   The declaration is in two counts, one to recover the damages of the deceased from conscious suffering before his death, and the other to recover under the St. 1898, c. 565 (R. L. c. 171, § 2) for his death.

The first exception relates to the admission of evidence.   The plaintiff was allowed to introduce the statements of the deceased in conversation at different times after the accident, for the purpose of showing that he was conscious.   We have no doubt that this testimony was competent.   His remarks were verbal acts which tended to show his condition.   The evidence was limited by the judge strictly to this purpose, and it was not of a kind that bore upon other issues in the case.   The principle on which its admission rests is well established.   *Hatch* v. *Fuller*, 131 Mass. 574.   *Commonwealth* v. *Jardine*, 143 Mass. 567.   *Lane* v. *Moore*, 151 Mass. 87.   *Shailer* v. *Bumstead*, 99 Mass. 112.   *Earle* v. *Earle*, 11 Allen, 1.

Declarations of the grandmother of the plaintiff's intestate, who was with him at the time of the accident, made soon after the accident, were admitted under the St. 1898, c. 535 (R. L. c. 175, § 66), she having since deceased.   The defendant contended that the witness could not be permitted to testify unless he could give her exact words, but the judge ruled that he might state the substance of what she said, and the defendant excepted.

This statute has been construed liberally. *Stocker* v. *Foster*, 178 Mass. 591. *Brooks* v. *Holden*, 175 Mass. 137. *Dixon* v. *New England Railroad*, 179 Mass. 242. *O'Driscoll* v. *Lynn & Boston Railroad*, 180 Mass. 187. *Green* v. *Crapo*, 181 Mass. 55. In no case has it been held that the testimony is to be received only when the witness can give the exact words of the deceased person whose declaration is material. Such a construction of the statute would often exclude important evidence which the Legislature intended to make admissible. Indeed, it seldom happens after the lapse of any considerable time that a witness can give the exact words of another, unless they were very few. The ruling was in accordance with the usual practice when a conversation is put in evidence, and we are of opinion that it was right.

The other exceptions relate to the refusal of the judge to give certain instructions requested. There was plenary proof of negligence on the part of the defendant's servant. We are also of opinion that the evidence well warranted a finding that his negligence was gross. It tended to show that immediately after a woman and a boy five years of age had left the elevator on the third floor, he started his elevator upward without closing the door of the elevator well, and that the boy caught hold of the floor of the elevator and hung there for a time while the elevator was moving up and down, until he fell down the elevator well. The judge rightly refused to rule that there was no evidence of his gross negligence.

The only evidence tending to show that the boy's grandmother was not in the exercise of due care, was the fact that the boy followed the other woman out of the elevator at the third floor. We cannot say as a matter of law that this fact shows a want of due care on her part. She had no reason to suppose that there was any great peril in his stepping out at that floor. She had no reason to suppose that the elevator would be moved up or down before the door of the elevator well was shut. We are of opinion that it was a question of fact for the jury whether due care required her to make it impossible for the boy to step out when the other woman did.

In its requests for rulings on the question of the care of the grandmother, the defendant singled out certain parts of the evi-

dence, and as to each asked an instruction that, on a supposed finding, she would not be in the exercise of due care. We are of opinion, in the first place, that the judge was not obliged to give instructions upon either of these possible views of a part of the evidence. He well might leave the jury to determine the question upon a proper consideration of all the evidence. But the judge referred to these matters, and left them all to the jury as proper for their consideration on the question whether the grandmother was in the exercise of due care. We are of opinion that he was right in declining to give either the tenth, eleventh, twelfth or thirteenth rulings requested, in the terms in which they were respectively expressed.* The instructions upon this part of the case were correct and sufficient.

*Exceptions overruled.*

---

* The rulings requested by the defendant above referred to were as follows: 10. There being no evidence that the plaintiff's intestate was ever allowed to go about by himself, the fact that the grandmother allowed him to leave the elevator by himself is evidence that she was not in the exercise of due care. 11. If the jury find that the grandmother allowed the plaintiff's intestate to leave the elevator unattended because she was not at that time paying sufficient attention to his custody so that she could control his movements, this is evidence of a want of due care on the part of the grandmother, 12. If the grandmother allowed her attention to be diverted from the care of the boy and this was one of the causes of his injury, this was such a want of due care as will prevent a recovery by the plaintiff. 13. Allowing the boy to leave the elevator unattended was some evidence of negligence on the part of the grandmother.