GEORGE M. HEATHCOTE, administrator, *vs.* FREDERICK I. ELDRIDGE.

Middlesex.    January 9, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Evidence,* Declarations of deceased persons.

Where a presiding judge at a trial admits in evidence a declaration of a deceased person under R. L. c. 175, § 66, and where the record shows nothing to the contrary, the admission of the evidence warrants the inference that the presiding judge was satisfied that the declaration was made in good faith.

The declarations of a deceased person which can be admitted in evidence under R. L. c. 175, § 66, if the presiding judge finds that they were made in good faith before the commencement of the action and upon the personal knowledge of the declarant, are not required to be in any particular form. It is sufficient if they are statements of relevant facts and are not mere expressions of opinion or inferences.

Such a declaration is none the less admissible because it is accompanied by irrelevant matter, which properly is excluded, or because the witness can recall only the substance of the statement and not the exact words of the declarant.

CONTRACT by the administrator of the estate of Edna G. Heathcote, late of Newton, for $1,300 alleged to have been lent to the defendant by the plaintiff's intestate. Writ dated May 6, 1915.

In the Superior Court the case was tried before *Fessenden,* J. The defendant objected to certain statements of the plaintiff's intestate, offered in evidence by the plaintiff. In regard to these the judge ruled, "I admit any statements that the deceased made that the defendant borrowed money of her, but as to what her

wishes were at the time, I exclude it." He also ruled, "I will admit that part where the deceased stated that the defendant borrowed thirteen hundred dollars of her."

The following evidence was admitted by the judge subject to the defendant's exception:

"Q. Did Mrs. Heathcote tell you, say to you that she had lent Mr. Eldridge some money? A. She did. — Q. Did she say how much? A. I don't remember. — Q. When did she say that happened, do you know? A. When they were in New York. — Q. Did she say what it was about? A. Yes. — Q. What did she say it was about? A. She lent him the money to buy an automobile to demonstrate a self-starter."

The defendant himself was the only witness in his behalf. His testimony tended to show that the transaction between himself and the deceased was not a loan but was a sale of thirteen shares of stock in a corporation having a total par value of $1,300, with an agreement on the defendant's part to pay to the deceased a bonus of $1,300 in cash if one Stott carried out an agreement to which the defendant was a party and of which the deceased had knowledge, whereby Stott was to sell other stock of the same corporation and pay upwards of $30,000 of the proceeds to the defendant on or before February 1, 1912. The agreement with Stott, which was in writing, was put in evidence by the defendant, and there was evidence that Stott had never carried it out.

The case was submitted to the jury under instructions to which no exceptions were taken by either side. The part of the judge's charge which related to the admission of the evidence in question was as follows:

"The Legislature, quite a number of years ago, passed a law that in cases where a person died, his declarations made before the suit, before the controversy arose, his declarations in his lifetime with reference to those made of his own knowledge might be received in evidence, and so we have that here, that principle applies here.

"Mrs. Heathcote is dead, and they offered for your consideration statements that she made with reference to this, statements, I have admitted them, that she could, if feeling they were made of her own knowledge, that she could have made here on the witness stand, if she had been here. For instance, the statement she lent this man, the defendant, the money. The statement of a person

who is dead, it is evidence under the law, evidence for your consideration, the same as if she were here testifying in court. Now, on the other hand, there is this much to say in reference to that. The defendant cannot cross-examine a deceased person, the only cross-examination that the defendant can give is to the witness who tells what the deceased person told him or her, and to that extent you have evidence which is not the original statement itself, has not gone through the ordeal or test of cross-examination. This is all for your consideration. It is for you to say whether on the whole that evidence commends itself to you, and helps you any in the determination of the issue."

The jury returned a verdict for the plaintiff in the sum of $1,604.41; and the defendant alleged exceptions.

R. L. c. 175, § 66, is as follows: "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

*F. W. Fosdick*, for the defendant.

*G. L. Ellsworth*, for the plaintiff.

BRALEY, J. If the action had been brought by the intestate, she would have been permitted, not only to give evidence that the defendant owed her for money lent, but to state the purpose for which the loan was obtained, in contradiction of the defendant's testimony, that the transaction was a sale of stock with an agreement on his part to pay her a bonus in cash, being in amount the same as the sum sued for, if certain arrangements with one Stott were consummated.

By the St. of 1898, c. 535, now R. L. c. 175, § 66, her declarations similar in character are admissible if the court finds that they were made in good faith before the beginning of the action, and, unless the record shows to the contrary, the admission of the evidence warrants the inference, that the presiding judge was satisfied of the declarant's good faith. *Dickinson* v. *Boston*, 188 Mass. 595, 597.

The statute prescribes no formula and we know of none as to the grammatical form in which the declarations are to be expressed by the witness. It is sufficient that, however phrased, the statements are not mere expressions of opinion or of inferences, but of relevant facts, and they are none the less admissible even if ac-

companied by irrelevant matter which is excluded, or where the
witness can only recall the substance but not the exact words of
the declarant. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93,
99. *Hall* v. *Reinherz,* 192 Mass. 52. *Randall* v. *Claflin,* 194 Mass.
560. *Hayes* v. *Pitts-Kimball Co.* 183 Mass. 262, 263. It follows
that all the rulings at the trial having been in accordance with
these principles, no error of law is shown and the exceptions must
be overruled.

*So ordered.*