B. BERTRAM ELDRIDGE, administrator, *vs.* ELIZABETH H. BARTON.

Barnstable.    January 24, 1919. — February 26, 1919.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Causing death.    *Evidence,* Admissions, Declarations of deceased persons, Opinion.

Where under St. 1911, c. 31, a separate count at common law for conscious suffering is added to the declaration in an action by an administrator under R. L. c. 171, § 2, as amended by St. 1907, c., 375, for causing the death of the plaintiff's intestate, the plaintiff in prosecuting the common law count is acting as the representative of the estate of his intestate, while in prosecuting the count under the statute to recover the penalty thereby provided he is acting for the widow and children or the next of kin of the intestate to enforce a right given to them by the statute and which did not pass to them from the intestate.

In an action by an administrator against one whose motor car struck and fatally injured the plaintiff's intestate, where counts for conscious suffering and for causing death are joined, evidence that the intestate after he was struck by the defendant's car said, "It is my fault; I am to blame," is admissible under the count for conscious suffering as an admission against the interest of the declarant, but under the count for causing death it is not admissible on this ground, because the estate of the intestate is not a party to the proceeding under the statute.

*It seems* that the words of the intestate quoted above would be admissible under

both counts as a declaration of a deceased person under R. L. c. 175, § 66, if the presiding judge should find that the preliminary requirements of the statute were complied with, including a finding that the declaration was a statement of fact and not of opinion.

TORT by the administrator of the estate of Barzillai Eldridge, late of Chatham, to recover for the conscious suffering and death of the plaintiff's intestate by reason of his being knocked down and run over by a motor car owned by the defendant and driven negligently by the defendant's servant on July 11, 1915, when the intestate in the exercise of due care was walking lawfully on Main Street in the part of Chatham called South Chatham. Writ dated September 21, 1915.

The declaration contained counts at common law for conscious suffering and counts under R. L. c. 171, § 2, as amended by St. 1907, c. 375, to recover damages for the benefit of the intestate's next of kin for causing the death of the plaintiff's intestate.

The answer contained a general denial and alleged that negligence of the plaintiff's intestate contributed to his injury.

In the Superior Court the case was tried before *Raymond,* J. The evidence material to the only exceptions relied upon is described in the opinion. The court adjourned while the jury was out but the judge was where he could be called to the court room, and the jury in the absence of counsel returned a verdict for the plaintiff in the sum of $4,892.30, "which verdict was affirmed by the court." The jury thereupon were excused and separated, the jurymen going to their respective homes. That was on Friday, October 19, 1917. On Wednesday, October 24, 1917, the judge called the jury together and instructed them as follows: "I have called you together as the jury in the case of B. Bertram Eldridge, administrator, *v.* Elizabeth H. Barton, in order that your statement in your verdict may express precisely what you actually did find, in two particulars, about which the court should have instructed you with greater definiteness. I did instruct you, as I now recall, and I think I stated it with precision, to find the damages in the case for conscious suffering and for the death, and to add the two together, and then figure interest thereupon, and return the same as your verdict, and that, I have no doubt you did. As I look over the papers, my attention is directed to the fact that the parties interested for the conscious suffering and for the death are, or, at

any rate may be, slightly different parties, and therefore it is vital that you express in your verdict the amount that you did actually find when you were originally in the case, about each of those particulars about which I instructed you, I think very fully, the other day. The sum of your verdict as you returned it you are not to change in any particular. That is your finding, that is the finding in the case; but in order to express fully what you did actually find the other day, I now direct you to take these two blank pieces of paper which I will deliver into your hands, Mr. Foreman, one of them saying at the foot, 'Death,' and the other saying at the foot, 'Conscious suffering,' and put on those two pieces of paper your exact finding of the other day, not changing it in any particular from what you made it the other day, adding no other interest, or anything of that sort, but so that the two together will show what you did actually find at that time for the death and for the conscious suffering, the two together, of course, amounting to $4,892.30; that is, that was your verdict the other day; and that you are not to change, as I have already stated, in any particular. You will retire and make your figures on this."

The defendant objected and excepted to the ruling that he was not entitled to be heard, and also to the instructions given to the jury, and also to the failure to instruct the jury that, if they had not agreed on separate amounts, one for conscious suffering and one for death, they had no power then to do so.

The jury then retired, and on their return reported that they found for the plaintiff and assessed damages for causing death in the sum of $4,057.80 and assessed damages for conscious suffering in the sum of $834.50. The verdict was thus recorded, subject to the defendant's exception.

The defendant alleged exceptions, of which the only ones relied upon at the argument are described in the opinion.

The case was submitted on briefs.

*J. A. Dennison & R. Gallagher,* for the defendant.

*J. M. Swift & C. Bassett,* for the plaintiff.

DE COURCY, J. The plaintiff's intestate, Barzillai Eldridge, was struck by the defendant's motor car and fatally injured. This action was brought to recover for his conscious suffering and death, and resulted in a verdict for the plaintiff. Numerous exceptions were taken by the defendant during the trial, but the only ones

now relied on relate to the exclusion of certain evidence and to the action of the judge with reference to a correction of the verdict.

The defendant offered to show by two or more witnesses that soon after Eldridge was injured he said, referring to the accident, "It is my fault; I am to blame." To elicit this information, the question was put to one of these witnesses, "What did you hear him say?" and was excluded by the judge. The record does not disclose the reason for rejecting this testimony; and we must consider whether it was admissible on any ground. The declaration contained counts for the conscious suffering of the intestate, and counts for his death. Although these two causes of action can now be joined in a single proceeding (St. 1911, c. 31), the plaintiff administrator is suing in two distinct capacities. He is acting as the representative of the estate of Eldridge in seeking to recover under the counts for conscious suffering the damages which Eldridge himself could have recovered had he survived the accident. On these counts the statement in question was admissible as an assertion by Eldridge that the accident was due to his own lack of due care, which is inconsistent with and tends to discredit the present allegation made by his administrator, that he (Eldridge) was then in the exercise of due care; and hence it was competent as being in the nature of an admission. The fact that the admission was against the interest of the intestate adds to its weight. Wigmore on Ev. § 1048. *Hobart* v. *County of Plymouth,* 100 Mass. 159. *Ellis* v. *Pierce,* 172 Mass. 220. *Manning* v. *Lowell,* 173 Mass. 100. *Snow* v. *New York, New Haven, & Hartford Railroad,* 185 Mass. 321. *Hopkins* v. *American Pneumatic Service Co.* 194 Mass. 582. *Fellows* v. *Smith,* 130 Mass. 378. *Daggett* v. *Simonds,* 173 Mass. 340.

On the counts for death however the plaintiff is not acting in the interest of the estate of Barzillai Eldridge. The damages recovered thereunder would not be assets of the estate in the hands of the administrator, but would be in the nature of a fine which the State imposes upon one whose negligence caused the death of the intestate and which is given as a gratuity to the next of kin. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582. In the present action these next of kin are not in privity with, nor claiming under the intestate; and hence the admission made by him does not bind them nor bind the plaintiff administrator so far

as he is suing for their benefit. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *Wall* v. *Massachusetts Northeastern Street Railway,* 229 Mass. 506.

It may be added that the evidence would be admissible on both claims, as declarations of a deceased person under R. L. c. 175, § 66, if the trial judge should find that the preliminary requirements of the statute were complied with. One of those requirements is, that the declaration must have been made "upon the personal knowledge of the declarant." If the statement of the intestate was merely the assertion of an opinion (as distinguished from one of fact) it was not admissible under the statute. It is often difficult to trace the logical or legal distinction between fact and opinion, and, where the form of the statement leaves it doubtful, it is for the court to decide in which sense the declaration was made. Wigmore on Ev. § 1919. *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318. *Little* v. *Massachusetts Northeastern Street Railway,* 223 Mass. 501. Furthermore, even where a statement such as that made by the intestate involves more or less of opinion, if it is in substance an inference of fact from a set of collective facts observed by the person making the statement, which could not be described in detail as they appeared to him, the evidence will be admissible under the rule of *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 133. See *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560, 562.

We do not deem it necessary to consider the alleged error in the correction of the verdict as that question is not likely to arise in another trial.

As the evidence was excluded generally, when at least it was competent as an admission on the claim for conscious suffering, and we cannot say that the error did not injuriously affect the substantial rights of the defendant, the entry must be

*Exceptions sustained.*