GERTRUDE E. HORAN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.   December 8, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence,* Declaration of deceased person. *Practice, Civil,* Exceptions.

It is error for a trial judge to admit evidence as to a declaration of a deceased per-
son, offered under G. L. c. 233, § 65, until he has determined that the declara-
tion was made in good faith, before the commencement of the action and upon
the personal knowledge of the declarant.

After a preliminary examination of a witness called to testify to a declaration of a
deceased person, the trial judge stated, "As far as it devolves upon the court
to make preliminary finding I am inclined to think it may be found from testi-
mony that this was made upon the personal knowledge of the declarant, that is
for the jury to say.   I simply say as far as admissibility is concerned that it is
before us, that it is not evidence unless it be considered that it was made by
. . . [the deceased], upon his personal knowledge, not what he was told, but
what he saw and heard and did himself.   With that understanding, that state-
ment, the evidence may stand;" and the judge stated in his charge, "it is incum-
bent upon the judge of the court to decide from an investigation, preliminary
investigation, that such statements were made in good faith, made before the
action was commenced and made upon the personal knowledge of the man who
made them and in this case inquiry was had along those lines. . . . We are
unable to judge from personal inspection how much credibility to give his testi-
mony but we are obliged, the evidence being before us, we are obliged to receive
it and we are obliged to give it such weight as we think it is entitled to have."
*Held,* that
(1) It was clear that the judge did not make the preliminary finding re-
quired by the statute;
(2) The error so committed was not cured by the charge.

TORT for personal injuries received when the plaintiff was
thrown to the ground by the alleged negligent starting of an elec-
tric street car of the defendant as she was alighting from it.   Writ
dated July 24, 1916.

In the Superior Court the action was tried before *Hitchcock,* J.
Material evidence and the exception saved by the defendant are
described in the opinion.   That portion of the charge to the jury
which is material to the exception was as follows:

. "Now, we have a provision of statute that in case a person, who,
if he were living, would be a witness and a witness upon the stand,

has deceased and prior to his decease has made statements of facts in regard to the subject matter in controversy, which statements were made before the action was commenced and were made in good faith and were made upon the personal knowledge of the declarant himself. Those statements may be testified to by somebody who heard them, and that has appeared in this case. We have had the testimony of a witness here who says that her brother, who is now deceased, made at the time or very soon after the accident happened certain statements in regard to it. All this witness could testify to here, of course, was that her brother said those things, and it is incumbent upon the judge of the court to decide from an investigation, preliminary investigation, that such statements were made in good faith, made before the action was commenced and made upon the personal knowledge of the man who made them and in this case inquiry was had along those lines. No question but they were made before the action was brought, no question but they were made in good faith, but the question was whether they were made upon the personal knowledge of the man who made the statements, and the fact that the court has admitted them proves nothing, and means nothing, as far as the credibility of those statements are concerned. There is no opportunity to cross-examine the deceased witness. As far as any evidence in the case goes, we don't even know how old a man he was or anything about him except that he was the brother of the person who testified here upon the stand. We are unable to judge from personal inspection how much credibility to give his testimony but we are obliged, the evidence being before us, we are obliged to receive it and we are obliged to give it such weight as we think it is entitled to have. There is no opportunity to cross-examine him in any way. Cross-examination of a person who comes here and tells us what he said wouldn't amount to anything because that would only go to the extent of what she heard him say, that is all. It couldn't go beyond that. There couldn't be any cross-examination upon what he did say, so that it is for the jury to say how much credibility you will give the testimony as to what he did say and that is to be considered with the other testimony in the case and is to be considered in the light the statements were made and in the light of other testimony as far as it might relate to the things about which he spoke.

"That, as I understand it, is the rule relative to the admission of statements made by deceased witnesses."

The jury found for the plaintiff in the sum of $1,800; and the defendant alleged exceptions.

*J. P. Carr,* for the defendant.

*E. J. Flynn,* (*A. F. La Terza* with him,) for the plaintiff.

BRALEY, J.   It is settled under R. L. c. 175, § 66, that the declaration whether oral or in writing by a person since deceased, who if living would be a competent witness at the trial, cannot be admitted in evidence unless the presiding judge "finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant." *Stocker* v. *Foster,* 178 Mass. 591, 602.  *Dixon* v. *New England Railroad,* 179 Mass. 242, 246.  *Dickinson* v. *Boston,* 188 Mass. 595, 597.  *Heathcote* v. *Eldridge,* 226 Mass. 168.  *O'Driscoll* v. *Lynn & Boston Railroad,* 180 Mass. 187.   And "this judicial action is to be inferred from the admission of the evidence itself where the exceptions fail to state that the inquiry was not made." *Dickinson* v. *Boston,* 188 Mass. 595, 597.  *Heathcote* v. *Eldridge,* 226 Mass. 168.   The plaintiff, in describing what happened after she fell, said, "Mr. McCarthy, as I learned later he was, came down and he picked me up," and, McCarthy having died, his sister, called by the plaintiff, testified in direct examination to a conversation with her brother "about the plaintiff's accident on which this suit is based."   But, before narrating the conversation she was cross-examined, during which she testified, that having asked him how the plaintiff "got hurt" "he told me she was on the car," and to the question, "That is all there is to it?" the response was, "Yes." The first question on redirect examination, "Now what did he tell you?" was answered subject to the defendant's exception, "He told me that the car was stopped, the conductor rang the bell, the car started and the girl was thrown into the street, and that was the end of the conversation.   We said nothing more about it."

If the record closed here the admission itself of the evidence would be sufficient to support the presumption that the judge was satisfied the declaration was made in good faith and upon McCarthy's personal knowledge and before the action was begun. *Marston* v. *Reynolds,* 211 Mass. 590.  *Heathcote* v. *Eldridge,* 226

Mass. 168. But a long recross-examination followed in which an attempt seems to have been made to show that the declarant did not witness the accident, and at its close the defendant's counsel, without stating his grounds, moved to have the answer given in the redirect-examination struck out. The judge rightly denied the motion, in so far as any question was raised that the answer if admitted was not relevant evidence. It was for the jury to determine, even if the witness made inconsistent statements, whether the conversation given in redirect-examination was true or should be wholly rejected. *Root* v. *Boston Elevated Railway,* 183 Mass. 418. But, in denying the motion, he ruled, "The statute says it shall not be inadmissible if made in good faith and before action was brought and upon the personal knowledge of the declarant. That is the question. As far as it devolves upon the court to make preliminary finding I am inclined to think it may be found from testimony that this was made upon the personal knowledge of the declarant, that is for the jury to say. I simply say as far as admissibility is concerned that it is before us, that it is not evidence unless it be considered that it was made by McCarthy upon his personal knowledge, not what he was told, but what he saw and heard and did himself. With that understanding, that statement, the evidence may stand." It would seem that he indicated very plainly that no preliminary finding had been made, and unquestionably in what he said he did not make the preliminary finding required by the statute, without which the declaration was inadmissible. It accordingly was error to leave the question to the jury whose sole province was to pass upon the credibility of the evidence if it had been properly before them, and not upon its admission. *Slotofsky* v. *Boston Elevated Railway,* 215 Mass. 318, 320. *McSweeney* v. *Edison Electric Illuminating Co.* 228 Mass. 563, 564. See *Commonwealth* v. *Russ,* 232 Mass. 58, 69.

The plaintiff urges that in view of the instructions the defendant has not been prejudiced, and St. 1913, c. 716, § 1, should be applied. We cannot however disregard the fact that the jury were permitted to consider statements not admitted in evidence, and which, if properly before them, tended strongly to corroborate the plaintiff's version of the accident.

*Exceptions sustained.*