COMMONWEALTH *vs.* HYACINTH McINTOSH.

Suffolk.    January 25, 1927. — May 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Exceptions: construction. *Witness,* Impeachment. *Evidence,* Competency, Presumptions and burden of proof.

The burden is upon a defendant, alleging exceptions to rulings at the trial of an indictment and presenting his exceptions by a bill of exceptions, to show error, and it is his duty to set out all the evidence touching questions of law raised.

At the trial of indictments charging, respectively, breaking and entering a building in the daytime and larceny therein, assault with a dangerous weapon with intent to rob and robbery from the person, and assault with a dangerous weapon with intent to murder, the person alleged to have been assaulted testified for the Commonwealth and, asked whether the defendant was one of a group of men who, he stated, assaulted him, "replied that he was not sure that the defendant was one of them, but that he looked like the man." The bill of exceptions stated that the Commonwealth called a witness who, subject to exception by the defendant, testified that the alleged assaulted person in the presence of the defendant, then under arrest, and of several others shortly after the offences were alleged to have been committed had made a statement in substance that the defendant was one of the men who, being armed, had thus assaulted him, and that the defendant had made no reply. The jury were instructed that the evidence was admissible only to contradict the testimony of the alleged assaulted person, did not have the effect of independent evidence, and was of no probative value as to the truth or falsity of statements made by the assaulted person out of court; that the defendant was not called upon to say anything in the circumstances, and that no inference was to be drawn against the defendant because of his silence. The record nowhere stated that it contained all the evidence material to the exceptions alleged, nor was there a statement that the attention of the alleged assaulted person

was not called to his incorrect statements before the testimony of the impeaching witness was admitted, as required by G. L. c. 233, § 23. *Held*, that

(1) It was clear from the record that it did not contain the entire testimony of the alleged assaulted person;

(2) There being nothing to show that there was not a compliance with all the requirements of the statute, and, the burden being upon the defendant to show error, the exceptions must be overruled.

THREE INDICTMENTS, found and returned on December 8, 1924, and described in the opinion.

In the Superior Court, the indictments were tried together before *Broadhurst*, J. Material evidence and rulings disclosed by the record are described in the opinion. The alleged confession by the defendant was to one Sergeant of Police O'Connor. With respect to it the judge instructed the jury "that it was for them to say whether the statements of McIntosh to Sergeant O'Connor, if those statements were made at all, were voluntary, or whether they were made in consequence of threats or promises which had been made to the defendant, and if they found that the statements were the result of threats or promises, or that the defendant at the time of making the statements was in fear of bodily harm, because of anything that had transpired prior to his making the statements, they should entirely disregard the statements."

The defendant was found guilty and alleged exceptions.

The case was argued at the bar in January, 1927, before *Rugg*, C.J., *Braley, Crosby, Pierce,* & *Wait*, JJ., and afterwards was submitted on briefs to all the Justices.

*C. J. Dunn* & *J. P. Brennan*, for the defendant, submitted a brief.

*D. J. Lyne*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. The defendant was convicted upon three indictments tried together, one charging breaking and entering a building in the daytime and larceny therein, the second charging assault with a dangerous weapon with intent to rob and robbery from the person, and the third charging assault with a dangerous weapon with intent to murder. There was evidence to support the charges. Testimony was

introduced tending to show a confession made by the defendant covering the three crimes.

One Grasso, the person upon whom it was charged that the assault with intent to murder was committed, was called as a witness by the Commonwealth. His entire testimony, as shown by the record, is in these words: "He testified that on the morning of November 13, 1924, several men came to the house of Ciarvalo, with whom he was at the time living; that he was called into the cellar by these men, who forced him to hold up his hands by pointing revolvers at him and removed a quantity of liquor from the cellar. He was asked whether the defendant was one of these men, and replied that he was not sure that the defendant was one of them, but that he looked like the man." A witness was then called and permitted to testify, subject to the exception of the defendant, that Grasso, in the presence of the defendant, then under arrest, and several others shortly after the offences were alleged to have been committed, had made the statement in substance that the defendant was one of the men who, being armed, had thus assaulted him, and that the defendant made no reply. At the time of the admission of this testimony, the judge instructed the jury that the evidence was admissible only to contradict Grasso, did not have the effect of independent evidence, was of no probative value as to the truth or falsity of statements made by Grasso out of court, that the defendant was not called upon to say anything under the circumstances, and that no inference was to be drawn against the defendant because of his silence.

These instructions fully protected the rights of the defendant. *Commonwealth* v. *Festo*, 251 Mass. 275, at page 279.

The Commonwealth may introduce evidence of statements, made at other times by a witness called by it, inconsistent with his testimony given on the witness stand, "but before proof of such inconsistent statements is given, the circumstances thereof sufficient to designate the particular occasion shall be mentioned to the witness, and he shall be asked if he made such statements, and, if so, shall be allowed to explain them." G. L. c. 233, § 23. *Commonwealth* v. *Festo, supra,* pages 278, 279.

It is argued that the impeaching testimony was not competent because the attention of Grasso was not first called to his inconsistent statements. It is manifest that the record does not contain the entire testimony of Grasso. All that the record says about his testimony has been quoted in full.

There is nothing to show that there was not compliance with all the requirements of the statute. It has been held in somewhat analogous cases that unless the bill of exceptions shows that preliminary steps to make evidence admissible have not been taken, it will be assumed that they were taken. *Heathcote* v. *Eldridge*, 226 Mass. 168, 170. *Horan* v. *Boston Elevated Railway*, 237 Mass. 245, 247. G. L. c. 233, § 65. *Commonwealth* v. *Glassman*, 253 Mass. 65, 74. For aught that appears, the statutory preliminaries may have been observed.

The record nowhere states that it contains all the evidence material to the exceptions alleged. It has been decided many times that it is the duty of the excepting party to set out all the evidence touching the questions of law raised. As was said by Morton, J., in *Barnes* v. *Loomis*, 199 Mass. 578, 581, "From the bill of exceptions we have no means of knowing whether the various excerpts of evidence which it contains do or do not set out all of the evidence bearing upon the matters to which they respectively relate. The plaintiff is the excepting party, and as such is bound to see that the bill of exceptions includes all that is necessary to enable us to decide whether the rulings, of which he complains, were or were not erroneous." This was somewhat amplified and followed in *Posell* v. *Herscovitz*, 237 Mass. 513, 516, 517, where cases are collected. To the same effect are *Monaghan* v. *Goddard*, 173 Mass. 468; *York* v. *Barstow*, 175 Mass. 167, 169; *Todd* v. *MacLeod*, 188 Mass. 144, 146; *Savage* v. *Collins*, 211 Mass. 472; *Sexton* v. *Boston Elevated Railway*, 214 Mass. 432, 435; *New York Central Railroad* v. *Freedman*, 240 Mass. 200, 208. This principle applies in criminal cases as well as in civil. The burden is upon the excepting party to show error. *Commonwealth* v. *Moinehan*, 140 Mass. 463, 465. *Commonwealth* v. *Rivet*, 205 Mass. 464, 466. *Commonwealth* v. *Barry*, 115 Mass. 146, 148.

The testimony admitted had a tendency to show statements made by Grasso out of court inconsistent with his evidence as a witness.

The confession of the defendant was submitted to the jury under correct instructions. *Commonwealth* v. *Russ,* 232 Mass. 58, 70, 71.

*Exceptions overruled.*