IRENE E. FERRIS, administratrix, *vs.* RAY TAXI
SERVICE COMPANY.

Essex.   March 14, 1927.— May 18, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, Motor vehicle, Causing death.   *Evidence,* Competency, Presumptions and burden of proof, Admissions, Declaration of deceased person, Admitted without objection.   *Practice, Civil,* Charge to jury, Conduct of trial, Exceptions.

At the trial of an action by an administratrix for causing conscious suffering and the death of the intestate in 1923, where there was evidence introduced by the defendant that the intestate was not in the exercise of due care, it was proper for the judge to instruct the jury in effect that when the trial opened the deceased was presumed to be in the exercise of due care, but when "the evidence is put in, then the presumption disappears and you will judge then as to whether or not he [the intestate] was lacking in due care by the testimony introduced, in so far as the testimony introduced shows all his actions and movements and conduct previous to his injury, and the burden is with the defendant."

No exception lies to a refusal by a trial judge to single out certain portions of the evidence for comment in his instructions to the jury in accordance with requests by the defendant, where it appears that he fully explained to the jury all the material aspects of the issues on trial.

At the trial of an action of tort by an administratrix with a declaration in two counts, one for causing conscious suffering and one for causing the death of the intestate, who was caught between the tail board of an ice truck operated by him and a taxicab which was being backed by an employee of the defendant, there was admitted generally and without exception by the plaintiff testimony by a witness for the defendant that he had interviewed the intestate after the accident and that the intestate had said to him, in substance, that he had run behind the taxicab while

it was backing and that he should not blame the driver of the cab, "that the boy was absolutely blameless; that it was his own fault in going in between the car and the truck." In his charge, the judge, subject to exception by the defendant, instructed the jury that such testimony was evidence for the defendant on the first count, but not on the second count. There was no statement in the record to show that evidence was introduced, or that the defendant was required to introduce evidence, to satisfy the judge that the statement of the deceased so testified to was made in good faith before the commencement of the action and upon the personal knowledge of the declarant. There was a verdict for the plaintiff on both counts. *Held*, that

　(1) While the evidence was not admissible under the second count as an admission binding those for whose benefit the action was brought, it was admissible under G. L. c. 233, § 65, if the preliminary facts there required were found;

　(2) The admission of the evidence generally and without restriction imported a finding of the necessary preliminary facts which rendered it admissible under G. L. c. 233, § 65;

　(3) The fact, that the testimony was admitted generally and without restriction, rendered it competent for consideration by the jury on the second count;

　(4) The evidence having been admitted generally without being confined to the first count, it was too late for the judge to say in his charge for the first time that it was inadmissible under the second count and could not be considered under that count, since at that time it was impossible for the defendant to introduce evidence to prove the preliminary facts which the judge must find under the statute in order to admit the evidence;

　(5) The error was harmful as it might well be thought that such evidence had a bearing upon the question of liability and damages under the death count.

TORT, by the administratrix of the estate of James Ferris, with a declaration in two counts, the first count being for conscious suffering of the plaintiff's intestate on July 24, 1923, alleged to have resulted from negligence of the defendant's servant or agent, and the second count being for causing the intestate's death. Writ dated November 14, 1923.

In the Superior Court, the action was tried before *Quinn*, J. There was evidence for the plaintiff to show that, as the plaintiff's intestate was at the tail board of an ice truck operated by him, a taxicab operated by an employee of the defendant backed into him. Other evidence, and rulings and instructions by the trial judge, are stated in the opinion. There were verdicts for the plaintiff, on the first count in the sum of $3,000; and on the second count in the sum of

$8,120, of which, by order of the judge, the plaintiff remitted all in excess of $5,000.   The defendant alleged exceptions.

*R. L. Sisk & W. E. Sisk,* for the defendant, submitted a brief.

*C. E. Flynn,* for the plaintiff.

CARROLL, J.   In this action of tort by the administratrix of the estate of James Ferris the plaintiff recovered a verdict under the first count for conscious suffering and under the second count for the death of the intestate.

1. The first contention of the defendant is that the judge erred in instructing the jury on the question of the due care of the plaintiff's intestate.   The jury were told in effect that when the trial opened the deceased was presumed to be in the exercise of due care, but when "the evidence is put in, then the presumption disappears and you will judge then as to whether or not he [the intestate] was lacking in due care by the testimony introduced, in so far as the testimony introduced shows all his actions and movements and conduct previous to his injury, and the burden is with the defendant." This instruction was correct.   As there was evidence bearing on the question of the intestate's care, it was for the jury to determine that issue on the evidence, and there was, therefore, no presumption in his favor.   The principle laid down in *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 377, was followed.   G. L. c. 231, § 85.

2. The defendant also contends that the judge erred in failing to give certain requests bearing on the defendant's theory of the case.   The judge fully explained all the material aspects of the case, and directed the attention of the jury to the conduct of the deceased and of the defendant's chauffeur.   He was not obliged to single out certain portions of the evidence.   His charge in this respect was free from error.   *Ayers* v. *Ratshesky,* 213 Mass. 589, 593.   *Lounsbury* v. *McCormick,* 237 Mass. 328, 337.   *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 401.

3. The defendant's president testified that he talked with the plaintiff's intestate at the hospital after the injury had been received; that "he inquired of Mr. Ferris how the accident happened and Ferris told him that while he ran behind

the car he said the car was backing and he told him not to blame the boy, that the boy was absolutely blameless; that it was his own fault in going in between the car and the truck." This evidence was admitted without exception. In the charge the jury were told that this evidence was admissible on the first count only, and the "second count for death you will give no consideration or thought to the statement . . . claimed to have been made by the deceased to Ray [the defendant's president]. The statement that was made to Mr. Ray is not evidence at all under the second count." The defendant excepted to this instruction. The administratrix was acting as the representative of the estate of James Ferris in suing on the count for conscious suffering. On the second count, to recover for his death, she was not acting for his estate, and the damages recovered thereunder would be in the nature of a fine or penalty and would go to the next of kin. The admissions of Ferris did not bind them, and his statement, considered merely as an admission of his own fault, would be admissible as such and binding on his estate under the first count; his statement, however, would not be admissible as an admission under the second count. *Eldridge* v. *Barton*, 232 Mass. 183.

But under G. L. c. 233, § 65, a declaration of a deceased person is not to be deemed inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant. If the preliminary requirements were complied with, the declaration of Ferris was admissible under the second count, as well as under the first count, because of the statute. *Eldridge* v. *Barton, supra. Barney* v. *Magenis*, 241 Mass. 268, 272. The testimony of Ray was admitted without any restriction. The admission of the evidence generally and without restriction imports a finding of the necessary preliminary facts which render it admissible under G. L. c. 233, § 65. *Newton Centre Trust Co.* v. *Stuart*, 208 Mass. 221, 225. *Heathcote* v. *Eldridge*, 226 Mass. 168, 170. *Horan* v. *Boston Elevated Railway*, 237 Mass. 245, 247. The judge correctly instructed the jury how to deal with this testimony under the first count as an

admission.    He also stated, "It is permitted to be introduced in this case upon the first count only, the count as to conscious suffering only, because it was an admission, if truly made, against interest, and is allowed to be introduced in court." When the evidence was admitted it was not limited to the first count; it was admitted generally and without restriction. This rendered it competent for consideration by the jury on the second count.    *Hubbard* v. *Allyn,* 200 Mass. 166, 171. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 27.

The evidence of Ray having been admitted generally without being confined to the first count, it was too late for the judge to say in his charge for the first time that it was inadmissible under the second count and could not be considered under that count.    The evidence then was closed.    It was at that time impossible for the defendant to introduce evidence tending to prove the preliminary facts which the judge must find under the statute in order to admit the evidence.    Such testimony might have been introduced by the defendant if he had had seasonable notice of the view of the judge.    Of course the judge had a right to change his rulings at any time before the close of the trial, provided he did it in such a way as not to harm any party.    *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31.    But a change of ruling could not be made in such a way as to harm the defendant.    We think this instruction of the judge limiting the evidence to the first count was harmful.    The issues under the second count were different from those under the first count, and it might well be thought that this evidence had a bearing upon the question of liability and damages under the death count.

While the exceptions must be sustained, the error does not affect the first count.    The verdict on that count therefore is to stand.    The verdict on the second count is set aside; and the new trial is to be confined to the second count. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 233. See *Simmons* v. *Fish,* 210 Mass. 563, 564, 567.

*Exceptions sustained.*