MARY KEOUGH vs. BOSTON ELEVATED RAILWAY COMPANY.
MICHAEL A. KEOUGH vs. SAME.

Suffolk.   December 4, 1917. — January 12, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Self-serving statement, Declarations of deceased persons, Opinion. *Physicians and Surgeons.*

In the trial of an action by a woman against a corporation operating a street railway for personal injuries, where it had appeared that a physician, who had treated the plaintiff after her injuries before she went on a vacation with her husband and had treated her again after her return from the vacation, had

died in the following month, the plaintiff, after testifying that she had a talk with the deceased physician about "that trip," was asked, 'Will you state what you told the doctor about your condition, and what he advised you to do, . . .?" and subject to the defendant's exception answered, "I told him I felt sorry this had happened, because Mr. K [the plaintiff's husband] was to go on his vacation and if I had to stay home, why it would spoil his vacation, because he could not have it later." There was a verdict for the plaintiff. *Held*, that this testimony clearly was inadmissible and that it might have harmed the defendant, so that the defendant's exception must be sustained.

In the same case the plaintiff was asked, "What did the doctor advise you to do?" and, subject to the defendant's exception, answered, "Advised me to go away a few days and see how it affected me, because he thought I was in such a horribly nervous state that if I got among strangers or got away from home, possibly my nerves would feel better." *Held*, that this testimony as to the statements of the deceased physician was not admissible under R. L. c. 175, § 66, because the statements purported to have been the advice of the physician to the plaintiff as his patient based on his opinion of her nervous condition, and could not have been found to have been made upon the personal knowledge of the declarant.

After making the answer above described, the plaintiff further testified that in consequence of her talk with the deceased physician she went to Washington, and it was *pointed out* that the fact that the plaintiff acted upon the advice did not make the advice admissible under the statute.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries, and the second by her husband for personal injuries and also for expenses incurred by him consequent upon the injuries to his wife, the injuries of both being alleged to have been sustained at about a quarter before eleven o'clock on the evening of April 30, 1915, while the plaintiffs were boarding an electric street railway car of the defendant bound for Ashmont and Milton at the stop at the Public Library in Copley Square in Boston. Writs dated respectively August 13, 1915, and December 4, 1916.

In the Superior Court the cases were tried together before *Hall*, J. The jury returned a verdict for the plaintiff Mary Keough in the sum of $5,500 and returned a verdict for the plaintiff Michael A. Keough in the sum of $2,000. The defendant alleged exceptions in regard to the admission by the judge of certain evidence as described in the opinion.

*E. P. Saltonstall*, (*C. W. Blood* with him,) for the defendant.

*D. E. Hall*, for the plaintiff.

CARROLL, J. These are actions of tort to recover for personal injuries alleged to have been received by the plaintiffs, on April 30, 1915, while boarding an outbound car at the Public Library,

Copley Square, Boston.  Michael A. Keough also seeks to recover the expenses consequent to the injuries received by his wife, the plaintiff, Mary Keough.

Mrs. Keough was treated by Dr. Hastings twice each day until May 10, 1915.  She then went on a vacation with her husband and on her return Dr. Hastings treated her three or four times a week.  He died early in June, 1915.  On May 5 of the same year, she testified in the Municipal Court of the City of Boston on a criminal complaint against the conductor of the car.

She was asked if she had a talk with Dr. Hastings about "that trip" (to Washington), and answered "Yes."  This question was then put: "Will you state what you told the doctor about your condition, and what he advised you to do, the day after you had been to court?"  Subject to the defendant's exception, she replied: "I told him I felt sorry this had happened, because Mr. Keough was to go on his vacation, and if I had to stay home, why it would spoil his vacation, because he could not have it later."  This evidence was clearly inadmissible.  Her statement that her husband's vacation would be interfered with, could not be received in evidence.  The fact that these statements were made to her physician now deceased, does not make them admissible.  They were her declarations made to him and not his declarations, and it is the declaration of the deceased person which the statute admits.  R. L. c. 175, § 66.  Such a narration could not be testified to by her, even if the doctor were alive, under the rule permitting an attending physician to testify to the condition, symptoms, feelings and sensations, as stated by the patient; nor could the physician testify to such a statement.  *Roosa* v. *Boston Loan Co.* 132 Mass. 439.  As this evidence may have been harmful to the defendant this exception must be sustained.

Mrs. Keough also was asked, "What did the doctor advise you to do?"  The defendant excepting, she replied: "Advised me to go away a few days and see how it affected me, because he thought I was in such a horribly nervous state that if I got among strangers or got away from home, possibly my nerves would feel better."  The declarations of a deceased person are admissible when made upon the personal knowledge of the declarant.  The advice of Dr. Hastings to the patient, based upon his opinion of her nervous condition, to go away from

home for a few days, was not upon his personal knowledge. It was his opinion and his advice given to his patient. *Little* v. *Massachusetts Northeastern Street Railway*, 223 Mass. 501, and cases cited. She testified that in consequence of her talk with Dr. Hastings she went to Washington. The fact that she acted upon the advice did not make the advice admissible under the statute. R. L. c. 175, § 66.

The plaintiff introduced evidence in rebuttal to which the defendant excepted. As the question of the admissibility of this evidence may not arise at a subsequent trial, it need not be considered.

*Exceptions sustained.*