AARON KULCHINSKY, administrator, *vs.* MAX SEGAL.

Essex.   November 7, 1940. — December 30, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Evidence,* Declaration of deceased person, Competency.

Testimony was admissible under G. L. (Ter. Ed.) c. 233, § 65, at the
trial of an action by an administrator for goods sold and delivered to
the defendant by the intestate, that the intestate before the commence-
ment of the action, in good faith and of his personal knowledge had
stated that the defendant owed him more than a certain amount,
had made a certain payment on account and had promised to pay by
instalments.

CONTRACT.   Writ in the District Court of Southern Essex
dated January 17, 1940.

On removal to the Superior Court, the case was tried
before *Donahue,* J., and there was a verdict for the plaintiff
in the sum of $512.60.

*H. C. Mamber & E. H. Borofski,* for the defendant, sub-
mitted a brief.

*R. Kulchinsky,* for the plaintiff.

LUMMUS, J.   In this action upon an account annexed for goods sold and delivered to the defendant by the plaintiff's intestate, an account book of the latter, showing $505.40 to be due, was received in evidence under G. L. (Ter. Ed.) c. 233, § 78.   The defence was that the indebtedness was discharged by merchandise accepted by the plaintiff's intestate.   There was a verdict for the plaintiff, and the case is here on the defendant's exception to the admission of evidence.

The evidence in question was the testimony of a witness for the plaintiff that eight weeks before the plaintiff's intestate died he told the witness that the defendant owed him more than $500, had paid $5 on account, and had promised to pay by instalments.   The judge found that the conditions of G. L. (Ter. Ed.) c. 233, § 65, were satisfied.

The defendant contends that the evidence was inadmissible because it was a conclusion to which the plaintiff's intestate would not have been permitted to testify if living.

In general, the statute making admissible the declarations of deceased persons does not remove any ground of objection except the rule against hearsay.   *Pappathanos* v. *Coakley,* 263 Mass. 401, 407.   But the statute is construed liberally (*Matter of Keenan,* 287 Mass. 577, 581), and makes admissible every declaration within its terms made upon personal knowledge.   *Nagle* v. *Boston & Northern Street Railway,* 188 Mass. 38, 40.   Mere opinion based upon facts not known to the declarant through his own senses is inadmissible. *Little* v. *Massachusetts Northeastern Street Railway,* 223 Mass. 501, 504.   *Hasey* v. *Boston,* 228 Mass. 516.   *Keough* v. *Boston Elevated Railway,* 229 Mass. 275, 277–278.   *Barney* v. *Magenis,* 241 Mass. 268, 272.

Indebtedness is not mere opinion, but fact capable of being within personal knowledge, even though it may depend upon or be mixed with law.   Wigmore, Evidence (3d ed.) § 1960.   *Windram* v. *French,* 151 Mass. 547, 551.   *Haskell* v. *Merrill,* 179 Mass. 120, 123.   *Reggio* v. *Warren,* 207 Mass. 525, 533–536.   *Kerr* v. *Shurtleff,* 218 Mass. 167, 173.   *MacLeod* v. *Davis,* 290 Mass. 335, 338.   *Lyman* v. *Romboli,* 293 Mass. 373.   Where indebtedness or some similar concept

constitutes the vital issue, a witness commonly is required to state the basic facts rather than the ultimate conclusion. Wigmore thinks that the courts have required too much analysis. Wigmore, Evidence (3d ed.) § 1960. The point is more of form than of substance. In *Mulhall* v. *Fallon*, 176 Mass. 266, 267, Holmes, C.J., said, "The extent to which particulars may be summed up in a general expression is a matter involving more or less discretion, and cannot be disposed of by the suggestion that the general expression involves the conclusion which the jury is to draw, or that it is law rather than fact." In a case like the present, where the declarant is dead, the evidence should not be lost merely because he stated the conclusion rather than the details that might be required of a witness. See also *National Granite Bank* v. *Tyndale*, 179 Mass. 390, 395.

Although we have found no case precisely like the present one, there are cases arising under the statute that are like this in principle. In *Dow* v. *Dow*, 243 Mass. 587, 594, 595, it was intimated that a declaration by a deceased person that he had paid all he owed for certain land, was admissible. In *Crowe* v. *Bixby*, 237 Mass. 249, 251, the declaration of a deceased tenant that she had hired a tenement from the defendant for $12 a month and he had agreed to keep it in repair, was said to be admissible. In *Heathcote* v. *Eldridge*, 226 Mass. 168, an action for money lent by the plaintiff's intestate, where the defence was that the money was the price of stock sold to her, her declaration that she had lent the defendant the money to buy an automobile was admitted. In *Polvere* v. *Hugh Nawn Contracting Co.* 215 Mass. 199, 204, a declaration by an injured man who later died that his parents abroad were in need of his remittances, was held competent. In *Bates* v. *Cohasset*, 280 Mass. 142, 154, a declaration that the land in dispute was always known as common land, was admitted. In *Supple* v. *Suffolk Savings Bank*, 198 Mass. 393, a statement of a deceased person named as beneficiary of a savings bank deposit that the depositor had money belonging to him which he could not get, was admitted. In *Ellis* v. *Felt*, 206 Mass. 472, an action for washing clothes of a deceased person, his declara-

tion that what he paid included washing was said to be admissible. In *Dixon* v. *New England Railroad,* 179 Mass. 242, 246, a declaration that there had been a demand for fare, a refusal, and an arrest, was admitted.

*Exceptions overruled.*