ALEXANDER H. TAFRALIAN *vs.* METROPOLITAN LIFE
INSURANCE COMPANY.

Suffolk. May 4, 1944. — June 5, 1944.

Present: FIELD, C.J., QUA, WILKINS, & SPALDING, JJ.

*Evidence,* Declaration of deceased person; Opinion: expert. *Practice,*
*Civil,* Preliminary question; Exceptions: whether error harmful;
Judgment ordered in Supreme Judicial Court. *Error,* Whether error
harmful.

Evidence of a statement by a physician, later deceased, of his diagnosis
of a patient's suffering from dementia precox was not admissible as
a declaration of a deceased person under G. L. (Ter. Ed.) c. 233, § 65.
A determination of fulfilment of all the requirements of G. L. (Ter. Ed.)
c. 233, § 65, was not to be implied from the admission in evidence of
a declaration of a deceased person where the facts concerning its
admission were undisputed and it was of a character not falling within
the statute.
Error prejudicial to the defendant was shown in the admission of incom-
petent evidence which was the only evidence supporting a verdict
rendered for the plaintiff; and the defendant's exceptions to the
admission of such evidence and to the denial of his motion for a
directed verdict were sustained and judgment in his favor was ordered
entered under G. L. (Ter. Ed.) c. 231, § 124.

CONTRACT. Writ in the Superior Court dated February
12, 1941.

The action was tried before *Greenhalge,* J.

*W. A. Ryan,* for the defendant.

*S. Cutter,* for the plaintiff.

SPALDING, J. The plaintiff brings this action of contract
to recover total and permanent disability benefits under the
provisions of a supplementary contract attached to a life
insurance policy issued to him by the defendant. By the
terms of this contract the defendant agreed to make certain
payments to the plaintiff upon "due proof" that he had now
"become totally and permanently disabled, as the result of
bodily injury or disease occurring and originating after the
issuance of said Policy, so as to be prevented thereby from

engaging in any occupation and performing any work for compensation or profit."

The jury returned a verdict for the plaintiff and the case is here on exceptions by the defendant to the admission of certain evidence and to the denial of a motion for a directed verdict.

The only evidence which would support a verdict that the plaintiff was permanently and totally disabled was the testimony of Dr. Yardume, the plaintiff's family physician. Dr. Yardume testified that he consulted Dr. Norman, a psychiatrist, who was deceased at the time of the trial, concerning the plaintiff's condition. He was asked: "What was his diagnosis?" Over the defendant's objection the witness was permitted to testify that Dr. Norman's diagnosis was "dementia precox." The witness then stated that dementia precox was an incurable mental disease. The plaintiff contends that this evidence was admissible under G. L. (Ter. Ed.) c. 233, § 65, as a declaration of a deceased person. We are of opinion that it was not. The statute requires that the declaration, among other things, must be made "upon the personal knowledge of the declarant." In *Little* v. *Massachusetts Northeastern Street Railway*, 223 Mass. 501, 504, the court said: "Declarations of deceased persons, in order to be admissible under R. L. c. 175, § 66,[1] must have been made, not only in good faith, but 'upon the personal knowledge of the declarant.' In general they must be derived from the exercise of the declarant's own senses as distinguished from opinions based upon data observed by him or furnished by others. While it often is difficult to trace the logical or legal distinction between facts and opinions . . . this court, in construing the statute, has recognized that where the declaration admittedly is one of opinion it is not admissible." It was held in *Keough* v. *Boston Elevated Railway*, 229 Mass. 275, that it was error to admit the statement of a deceased physician concerning his advice to a patient, inasmuch as this called for an opinion and was not admissible under the statute. "Mere opinion based upon facts

---

[1] Now G. L. (Ter. Ed.) c. 233, § 65.

not known to the declarant through his own senses is inadmissible." *Kulchinsky* v. *Segal*, 307 Mass. 571, 572.

To be sure, the statute, being remedial, is to be liberally construed. *Kulchinsky* v. *Segal*, 307 Mass. 571, 572. *Matter of Keenan*, 287 Mass. 577, 581. It has been held that statements of fact are not rendered inadmissible merely because they are summed up in a general expression and bear a superficial resemblance to opinion evidence. *Eldridge* v. *Barton*, 232 Mass. 183, 187. *Barney* v. *Magenis*, 241 Mass. 268, 272. *Kulchinsky* v. *Segal*, 307 Mass. 571. *Berwin* v. *Levenson*, 311 Mass. 239, 242. Many statements of fact cannot be stated in any other way. See *Commonwealth* v. *Sturtivant*, 117 Mass. 122; *Noyes* v. *Noyes*, 224 Mass. 125, 129–130; *Crafts* v. *McCobb*, 303 Mass. 172, 175–176, and cases cited; Wigmore on Evidence (3d ed.) § 1977. The statement of Dr. Norman does not fall within this class; it was an opinion and not a statement of fact. Had the doctor been a witness at the trial his diagnosis would not have been admitted in evidence unless he had qualified as an expert in mental diseases. *Old Colony Trust Co.* v. *Di Cola*, 233 Mass. 119, 124. *Old Colony Trust Co.* v. *Whitney*, 269 Mass. 519, 523. "In general, the statute making admissible the declarations of deceased persons does not remove any ground of objection except the rule against hearsay." *Kulchinsky* v. *Segal*, 307 Mass. 571, 572.

The plaintiff contends that the trial judge by admitting the evidence necessarily determined that all requirements of the statute had been fulfilled. It is true that where, as here, the judge admits a declaration offered under the statute and nothing more appears a finding of the preliminary facts is implied. *Murphy* v. *Hanright*, 238 Mass. 200, 206. *Rothwell* v. *First National Bank*, 286 Mass. 417, 420. *O'Brien* v. *Bernoi*, 297 Mass. 271, 274. But this rule has no application to a situation like that under consideration where the facts concerning the admission of the declaration are not in dispute and it is apparent from the declaration itself that it is not within the statute. *Ames* v. *New York, New Haven & Hartford Railroad*, 221 Mass. 304. *Little* v. *Massachusetts Northeastern Street Railway*, 223 Mass. 501, 504. The ad-

mission of Dr. Norman's declaration was error, and, in view of the fact that this was the only evidence which would support a finding that the plaintiff was permanently and totally disabled, it cannot be said that it "has not injuriously affected the substantial rights" of the defendant. See G. L. (Ter. Ed.) c. 231, § 132. Since there was no competent evidence that would warrant the submission of the case to the jury, the defendant's motion for a directed verdict should have been granted. It is not necessary to consider the defendant's other exceptions. The defendant's exceptions are sustained and pursuant to G. L. (Ter. Ed.) c. 231, § 124, judgment is to be entered for the defendant.

*So ordered.*