SAMUEL COHEN SHOE CO. *vs.* MINNIE COHEN.

Suffolk. May 5, 1952. — September 11, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Evidence,* Declaration of deceased person, Competency, Presumptions and burden of proof. *Bills and Notes,* Cancellation.

In an action by a corporation as payee against the maker on a promissory note which had been given simultaneously with delivery of a corporate check for the same amount to the defendant and which when produced at the trial had become separated into two parts, there was

no error in the admission under G. L. (Ter. Ed.) c. 233, § 65, as appearing in St. 1943, c. 232, § 1, of evidence of declarations of the former treasurer of the plaintiff, deceased at the time of the trial, to the effect that the note was a subsisting obligation payable by the defendant, contrary to the defendant's contention that the plaintiff's check had represented a personal gift to the defendant by the treasurer and that the treasurer had stated that he did not want the note and had torn it at the time it was given.

In an action upon a promissory note which when produced at the trial had become separated into two parts, the issue of cancellation by tearing was sufficiently submitted to the jury by the charge, including a general instruction that the plaintiff had the burden of satisfying them that he was entitled to recover; nothing in G. L. (Ter. Ed.) c. 107, § 146, required an instruction requested by the defendant that if the note was torn "the presumption" was that "the tearing was intentional and done for the purpose of cancelling the note."

CONTRACT. Writ in the Superior Court dated June 13, 1950.

The action was tried before *Swift,* J.

*Benjamin Goldman,* for the defendant.

*Robert I. Ectman,* for the plaintiff, submitted a brief.

QUA, C.J. This is an action upon a promissory note for $2,000, dated September 4, 1945, payable one year after date to the order of the plaintiff, and admittedly signed by the defendant. After a verdict for the plaintiff the case is here on the defendant's exceptions to the admission in evidence of certain declarations of Samuel Cohen, who before his decease in 1950 had been treasurer of the plaintiff, and to the alleged failure of the judge to give certain rulings requested by the defendant.

At the trial it appeared that the defendant was the daughter-in-law of Samuel Cohen. It was agreed that the defendant had received and indorsed a check of the plaintiff for $2,000 dated the same day as the note. When the note itself was produced at the trial, it was found to have become separated into two parts along a straight line almost exactly through the center of the note and at right angles to its upper and lower edges. The contention of the plaintiff was that the note and check evidenced a loan from the plaintiff to the defendant which had never been repaid, with the exception of $100 paid on August 25, 1947,

and duly indorsed upon the note. The plaintiff's explanation of the condition of the note was that it had been folded in one place, and had remained in a tray in the cash box where bills were kept; that it was frequently handled in counting or taking out money and became worn; and that about a year before the trial it came apart where it was folded. The contention of the defendant was that she needed $2,000 to pay off the balance of a mortgage on her house, for which the mortgagee was pressing; that she went to see Samuel Cohen at his office for the purpose of borrowing the money; that she offered to give him a note for it, but he said that he did not want any note from her; that at her request the bookkeeper drew a note which she signed; that Samuel Cohen picked it up and said, "I don't want any note from you. I don't want anything from you"; that he tore the note and threw it away and then called the bookkeeper and told her to make out a check to the defendant for $2,000 and charge it to his account; that he gave her the check, saying he hoped it would help her and "don't ever hesitate to come to me for help"; that he gave her a kiss and she walked out; that the check was a gift; and that she had not made the payment indorsed on the note.

The declarations of the deceased Samuel Cohen to the admission of which exceptions were taken were in substance an exclamation on his part, while examining the note, that "we could use that money" and an inquiry whether there was any way to go about collecting it, and statements that he knew the note was due and was wondering when the defendant was going to pay it; that he was still waiting for her to pay it; that the $100 was on account of the $2,000 and left a balance of $1,900; that the note was to be kept on the books, because the defendant was going to pay it; and that he knew the defendant's husband had left her some money and he felt she should pay this note. It will be observed that all these declarations, if "made in good faith," as the judge must have found they were, involve a tacit assertion that the note was a subsisting obligation and that Cohen had not torn it up, as the

defendant asserted he had. It is also apparent that Cohen had "personal knowledge" of the facts about the note.

We think that, in general, these declarations were competent under G. L. (Ter. Ed.) c. 233, § 65, as appearing in St. 1943, c. 232, § 1. This statute has been construed liberally. While declarations, in order to be admitted under it, must be statements of fact and not of opinion, yet it is obvious that declarations of a deceased person are scarcely likely to have been made in the form that would be required of a living witness on the stand. In order that the statute may serve its purpose, it is held that general conclusions of fact by the declarant are competent. The subject was carefully examined and the cases collected in *Kulchinsky* v. *Segal*, 307 Mass. 571. It was there held that a declaration by the plaintiff's intestate that the defendant owed him more than $500 and had promised to pay by instalments was competent. Later cases in which similar rulings or statements are found are *Berwin* v. *Levenson*, 311 Mass. 239, 242–244, *Tafralian* v. *Metropolitan Life Ins. Co.* 316 Mass. 429, 431, and *Eastern Paper & Box Co. Inc.* v. *Herz Manuf. Corp.* 323 Mass. 138, 144. The present case falls in the same category. If any parts of any of these declarations were not competent, no attempt was made by the defendant to separate them from the parts that were. *Berwin* v. *Levenson*, 311 Mass. 239, 243.

We think there was no error in connection with the requests for rulings. The jury must have understood that the charge submitted to them both the question whether there was originally a legal delivery of the note and the question whether, if there was, it was subsequently cancelled by tearing. Their attention was directed to parts of the evidence on these points. If the defendant desired further detail in the charge she could have asked for it. There is nothing in G. L. (Ter. Ed.) c. 107, § 146,[1] that

---

[1] This statute reads as follows: "A cancellation made unintentionally, or under a mistake, or without the authority of the holder, is inoperative; but where an instrument or any signature thereon appears to have been cancelled the burden of proof lies on the party who alleges that the cancellation was made unintentionally, or under a mistake or without authority."

requires an instruction about any presumption.[1] The jury were instructed generally that the burden of satisfying them that the plaintiff was entitled to recover was upon the plaintiff. Whether the note was "regular on its face," and whether the plaintiff was a "holder in due course" were immaterial in this action between the original parties to the note.

*Exceptions overruled.*

---

[1] The defendant's seventh request was, "If the note is torn, the presumption is that the tearing was intentional and done for the purpose of cancelling the note."