**Lewis W. HITE, Appellant,**

v.

**WESTERN MARYLAND RAILWAY,**
**Appellee.**

**No. 6858.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 9, 1954.

Decided Dec. 10, 1954.

Milford J. Meyer, Philadelphia, Pa. (William Saxon, Baltimore, Md., and Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., on brief), for appellants.

Hilary W. Gans, Baltimore, Md. (Paul S. Parsons, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from a judgment on a verdict for defendant in an action instituted under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover on account of personal injuries alleged to have been sustained as a result of defendant's alleged violation of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. Plaintiff was a brakeman employed by defendant. He claims to have been injured as a result of the defective condition of the brake on one of defendant's tank cars. The only evidence of such defective condition was plaintiff's testimony that it failed to operate properly when he attempted to apply it. There was evidence on the part of defendant tending to show that it was in proper condition. The case was properly tried and fairly submitted to the jury by the trial judge in a comprehensive charge in which the jury was instructed that the defenses of contributory negligence and assumption of risk did not apply to the case, that defendant was liable if plaintiff's injury was due to a defective or inefficient brake, and that the inefficiency of the brake might be found from the fact that it "failed to function or work efficiently or properly when operated with the care that is natural and normal in the natural, usual, normal intended operation".

The plaintiff complains because the judge, after giving the jury certain instructions asked by plaintiff, proceeded to give further instructions which plaintiff contends amounted to a modification of the instructions asked. We have examined the portions of the charge complained of and we do not think that plaintiff has any ground of complaint with respect thereto, but that, on the contrary, the questions in the case were correctly and fairly presented and understandably explained to the jury. In addition to this, plaintiff failed to except to the portions of the charge of which he now complains as required by Rule 51 of the Rules of Civil Procedure, 28 U.S.C.A., and is in no position to raise any question with regard thereto. Sofarelli Bros., Inc., v. Elgin, 4 Cir., 129 F.2d 785, 788. If there had been error in the instructions to the jury which in our opinion had led to a miscarriage of justice, we might notice it under our power to notice plain error not assigned to prevent injustice, but there was no such error. The case was submitted under a fair charge to which counsel not only took no exceptions but

with which they were apparently satisfied until the jury decided against them.

█ Plaintiff complains, also, because the trial judge questioned plaintiff and witnesses for defendant as to the cause of the failure of the brake to operate efficiently. Again, plaintiff is in no position to complain because he made no objection at the time. Furthermore, plaintiff has no ground of complaint with respect to the matter, as it was entirely proper and the duty of the trial judge to ask such questions as he thought necessary to get to the truth of the case. As said by Judge Dobie, speaking for this court in Simon v. United States, 4 Cir., 123 F.2d 80, 83:

"Appellant's counsel strenuously complains that the trial judge questioned the witnesses from time to time in an effort to bring out the facts of the case. This is precisely what he should have done. It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such way as to be understood by the jury, as well as by himself. He should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other. * * * The judge is the only disinterested lawyer connected with the proceeding. He has no interest except to see that justice is done, and he has no more important duty than to see that the facts are properly developed and that their bearing upon the question at issue are clearly understood by the jury."

There was no error and the judgment appealed from will be affirmed.

Affirmed.