**William Phillip YOUNG, Defendant, Appellant,**

**v.**

**Elizabeth A. SLANEY, Adm'x d.b.n. and Adm'x, Plaintiff, Appellee.**

**No. 5320.**

United States Court of Appeals First Circuit.

Heard May 7, 1958.

Decided June 4, 1958.

---

7. Defendants.

8. Plaintiff.

Michael T. Prendergast, Boston, Mass., with whom Paul Ferguson, Marblehead, Mass., was on the brief, for appellant.

Samuel Abrams, Boston, Mass., with whom Richard F. Dacey, Waltham, Mass., Ruth I. Abrams, Boston, Mass., and George S. Abrams, Newton, Mass., were on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the defendant from a judgment of the United States District Court for the District of Massachusetts entered upon a jury verdict for the plaintiff in the amount of $27,000, plus interest. The plaintiff is suing in her capacity as administratrix of the estates of her father and mother.

The plaintiff's causes of action arose out of a collision between an automobile owned and operated by her mother, Susan E. Baker, and a large trailer truck which was operated by the defendant. The plaintiff's father, who was sitting in the right front seat of the Baker automobile, was killed instantly, and $20,000 of the amount of damages was returned by the jury under the Massachusetts death statute, Mass.Gen.Laws, c. 229, § 2C, $6,000 of the balance was for the personal injuries suffered by Mrs. Baker, who died prior to the trial from causes unrelated to the accident, and $1,000 was for the property damage to the Baker automobile.

The collision occurred in the late afternoon of November 28, 1952, when Mrs. Baker who had been proceeding westerly on Route 9, a six lane divided highway, in the town of Natick, made a left turn at the intersection of Route 9 and Speen

Street. There was evidence that she had the green light and that it was permissible to make such a left turn. After she had entered the intersection the right front of her automobile was struck by the left front of the defendant's truck which had been proceeding easterly on Route 9 toward Boston. The defendant testified that he had attempted to pass the Baker automobile on the right and also applied his brakes when he saw the danger of collision. There was undisputed evidence that the truck made skid marks for a distance of ninety-six feet to the point of collision and for an additional distance of thirty-six feet beyond this point to where the truck stopped. It was brought out that the defendant's testimony on the stand differed in several material respects from his statements given in answer to the plaintiff's interrogatories and this may have had considerable influence in the jury's apparent refusal to accept the defendant's version of the accident.

The main ground upon which the defendant seeks reversal of the judgment below is that the district judge's unfair conduct of the trial resulted in prejudice to him. However, upon close examination of the record presented to us we cannot say that the trial judge's interrogation of certain witnesses went beyond the scope of his function in bringing out the facts of the case. See Hite v. Western Maryland Railway, 4 Cir., 1954, 217 F.2d 781, certiorari denied 1955, 349 U.S. 960, 75 S.Ct. 890, 99 L.Ed. 1283. Certainly there is no parallel between the inquiries of witnesses made by the trial judge in the instant case and the clearly biased questioning in Crowe v. Di Manno, 1 Cir., 1955, 225 F.2d 652 or active participation on behalf of the plaintiff as appeared in Knapp v. Kinsey, 6 Cir., 1956, 232 F.2d 458.

The defendant's contentions that his counsel was abused sounds hollow in view of his counsel's aggressive tactics and remarks, some of which bordered on being disrespectful. Clearly any remarks made to counsel by the district judge in the course of bench conferences could not have had an adverse influence upon the jury.

The defendant further charges that the district court committed error in its denial of a new trial insofar as the damages awarded because of physical injuries to Mrs. Baker. The verdict of $6,000 under the circumstances appears to us to have been liberal, but because of the existence of evidence relating to an apparent injury to Mrs. Baker's back resulting from the accident, we cannot say that there was no sound basis for the jury's verdict, and therefore we do not hold that the district judge committed an abuse of discretion in denying the defendant's motion. See New York, N. H. & H. R. Co. v. Zermani, 1 Cir., 1952, 200 F.2d 240, certiorari denied 1953, 345 U.S. 917, 73 S.Ct. 729, 97 L.Ed. 1351.

The defendant's objections to the introduction of certain statements made by the deceased Mrs. Baker are without merit in view of the liberal interpretation which has been given to Mass.Gen. Laws, c. 233, § 65.[1] See Samuel Cohen Shoe Co. v. Cohen, 1952, 329 Mass. 281, 107 N.E.2d 817, Hicks v. H. B. Church Truck Service Co., 1927, 259 Mass. 272, 156 N.E. 254.

The defendant's objection to the use of the word "disfigurement" by the trial judge in his charge when referring to an apparently minor injury to Mrs. Baker's chin, was certainly rendered harmless by the judge's statements, following the defendant's objection, that Mrs. Baker's injury was a cut that had some stitches and that the character or nature of the cut was a question of fact for the jury.

Defendant also objected to the admission of certain interrogatories which had been answered by Mrs. Baker as administratrix of the estate of her

---

1. "In any action or other civil judicial proceeding, a declaration of a deceased person shall not be inadmissible in evidence as hearsay or as private conversation between husband and wife, as the case may be, if the court finds that it was made in good faith and upon the personal knowledge of the declarant."

husband. The defendant's contention is that these interrogatories do not fall within the statutory exception to the hearsay rule set forth in Mass.Gen.Laws c. 233, § 65A,[2] because Mrs. Baker was not a party to the action or suit brought under the Massachusetts death statute. If we admit this is so, however, then clearly Mrs. Baker's answers were admissible under the broader provisions of Mass.Gen.Laws c. 233, § 65.

The other points raised by the defendant in this appeal are without substantial merit and do not warrant separate discussion.

A judgment will be entered affirming the judgment of the district court.

2. "If a party to an action or suit who has filed answers to interrogatories under sections sixty-one to sixty-seven, inclusive, of chapter two hundred and thirty-one dies, so much of such answers as the court finds have been made upon the personal knowledge of the deceased shall not be inadmissible as hearsay or self-serving if offered in evidence in said action or suit by a representative of the deceased party."