ALESSIO A. BELLAMY & others *vs.* MARY BELLAMY.

Suffolk.   March 6, 1961. — May 3, 1961.

Present:   WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, &
SPIEGEL, JJ.

*Trust*, Of real estate, Statute of frauds, Validity.  *Frauds, Statute of.*
*Evidence*, Declaration of deceased person, Best and secondary evidence.

Evidence in a suit in equity warranted findings that a widow wanted her
home divided equally among her children after her death, that when she
conveyed the property to two of them by deed absolute the grantees
were aware of her intention and took title in trust to carry it out, and
that after her death one of her grantees, who ultimately held sole title
to the property, was under an obligation to place the title equally in all
her children; and, where it appeared at the trial that that grantee had
died intestate without carrying out the terms of the trust, the final
decree rightly ordered his heir to convey title to the property to himself
and the surviving children of the widow as tenants in common.  [535–
536]

At the trial of a suit in equity to enforce a trust in land declared by the
plaintiff's mother prior to her death, testimony by the plaintiff as to oral
statements made to him by her and as to the contents of a letter to him
from her were properly admitted under G. L. c. 233, § 65.  [536]

At the trial of a suit in equity to enforce a trust in land declared in a
letter, there was no error in admitting parol evidence of the contents of
the letter as secondary evidence thereof; and G. L. (Ter. Ed.) c. 203,
§ 1, and c. 259, § 1, Fourth, were inapplicable.   [536–537]

BILL IN EQUITY, filed in the Superior Court on April 27,
1959.

The suit was heard by *Wisnioski*, J.

*Allan Roy Kingston*, for the defendant.

*Louis Karp*, (*Arthur L. Murray* with him,) for the plain-
tiffs.

SPIEGEL, J.   This suit in equity is brought by the ten
surviving children of the late Josephine A. Ballamacina
who died intestate on August 2, 1953.   Her husband pre-
deceased her.   An eleventh child, Anthony Bellamy, died
intestate and without issue on March 12, 1959.   The de-
fendant is his widow.   The plaintiffs seek a conveyance of

certain real estate consisting of land and a dwelling house from the defendant so that each of the ten plaintiffs and the defendant will be vested with a one-eleventh interest therein as tenants in common. The evidence is reported. The judge of the Superior Court who heard the case made findings and order for decree. A final decree was entered ordering the defendant forthwith to convey title to the property to herself and to the plaintiffs as tenants in common. It is from this decree the defendant appealed. There are also before us exceptions with reference to the admission of certain oral testimony.

On March 21, 1945, Josephine A. Bellamacina, mother of the plaintiffs and mother-in-law of the defendant, purchased a house and took title thereto in her own name. On that same day she executed a deed conveying the property to herself and Alessio as joint tenants. Alessio was allowed to testify over the defendant's exception that it was agreed between his mother and himself that upon her death title to the property would be in the names of all her children. They were a "closely knit family" and nine of Josephine's children lived with her in the house "off and on" between March 21, 1945, and July 7, 1948.

In July, 1948, Alessio was in the United States Navy and stationed in Tennessee. On July 7, 1948, Josephine and Alessio conveyed the property by deed to Angelo A. Bellamacina, another son (who subsequently changed his name to Anthony A. Bellamy), and Laura M. Bellamacina, a daughter, as tenants in common. This conveyance was free and clear of any mortgage. On the same date Angelo and Laura gave a mortgage upon the property to the North Avenue Savings Bank in the sum of $10,500. On January 26, 1955, Laura, who was about to be married, conveyed her interest in the property to Anthony subject to the mortgage to the North Avenue Savings Bank upon which $7,678.81 remained unpaid. This deed bore no revenue stamps and recited that the consideration involved was less than $100.

The trial judge found that "Prior to her death the late Josephine had written a letter to Alessio in which she

stated that she wanted the property divided equally among her children after her death and that she was conveying the property [to Angelo and Laura] with the understanding that this would be done. Angelo and Laura had been shown this letter by Alessio and were aware of their mother's intention at the time of the conveyance to them. Accordingly they took title to the property under the terms of the trust despite the deed in absolute form. The mortgage given by them at the time they acquired title was merely a device to obtain refinancing of the property. . . . [After] the death of Josephine on August 2, 1953, Angelo who . . . [ultimately] held sole title to the property was under an obligation to place the title equally in all the surviving children. This he failed to do up to the time of his own decease, March 12, 1959. The plaintiffs filed their bill of complaint April 27, 1959, as soon as they realized that their brother had died intestate without complying with the terms of the trust created by their mother." There was ample evidence from which the judge could make these findings.

The defendant's first two evidentiary exceptions are to the judge allowing Alessio to testify to oral statements made by Josephine Ballamacina to him and to the contents of a letter which she sent to him. Both of these matters come within the scope of G. L. c. 233, § 65. The trial judge was clearly justified in finding that the declarations were made "in good faith and upon the personal knowledge of the declarant." The declarations of the deceased may be in writing (*O'Driscoll* v. *Lynn & Boston R.R.* 180 Mass. 187, 189) and need not be reproduced in the exact words used by the declarant. *Kulchinsky* v. *Segal,* 307 Mass. 571, 572–573. *Samuel Cohen Shoe Co.* v. *Cohen,* 329 Mass. 281, 284.

The remaining exceptions to the admission of testimony are not argued by the defendant in her brief and therefore we need not consider them. *Lolos* v. *Berlin,* 338 Mass. 10, 13–14.

The defendant contends that the court erred in declaring that a trust exists here since under G. L. (Ter. Ed.) c. 203,

§ 1, and c. 259, § 1, Fourth, a trust must be proved by a writing in order to be enforced. The issue in this case is not whether parol evidence was admitted for the purpose of proving a trust but rather whether parol evidence could be admitted as secondary evidence of a writing which proved a trust. Therefore G. L. (Ter. Ed.) c. 203, § 1, and c. 259, § 1, Fourth, do not apply. In the instant case there was a writing which was proved by secondary evidence. There are no degrees of secondary evidence. *Goodrich* v. *Weston,* 102 Mass. 362. There was no error on the part of the trial judge.

*Decree affirmed.*