*Southern District*
No. 18252
**KIRLEY COAL & SUPPLY COMPANY**
v.
**OLD COLONY TRANSPORTATION CO.**
and
**JOSEPH BEAULIEU**

*Present*: Nash, P. J., Cox & Murphy, JJ.

Case tried to *Lee, J.* in the Fourth District Court of Bristol.

*Nash, P. J.* This is an action of tort in which

the plaintiff seeks to recover for damage caused to its truck as a result of a collision between it and a tractor trailer operated by the defendant. Declaration in negligence is in two counts; one against the owner of the tractor trailer, and one against the driver. The answer in each case is a general denial, contributory negligence and violation of law.

At the trial one Brown, the plaintiff's driver, testified he was on Route 140 in Norton, operating plaintiff's oil delivery truck on April 8, 1960, headed southerly near the junction of Old Taunton Avenue. He came to a stop on the westerly side of Route 140 preparatory to backing it to the easterly side and into a driveway to deliver oil. While stopped he could see 600 feet to the rear. He looked both ways through the windshield and through his rear mirror. He opened his door and put his foot on the running board and did not see anything. He did not see defendant's vehicle at any time prior to the impact and he heard nothing.

His directional lights were on. It was about 10:30 A.M. He then started backing across Route 140 at two or three miles an hour. He further testified Route 140 was 36 feet in width and that it ran north and south. The defendant's vehicle, proceeding southerly, struck his left rear, passed on the east side of it, went down the easterly lane of Route 140, turning left into Old Taunton Avenue, coming to a stop by a traffic island 339 feet past the point of collision and struck

some mail boxes on the easterly side of Route 140.

Evidence of a statement signed by the driver of the plaintiff's oil truck and his answers to interrogatories was not materially different.

The defendant testified that he was proceeding southerly on Route 140 at a speed of 45 miles per hour; that he had an unobstructed view of the road for at least 1,000 feet when he first saw the plaintiff's truck parked on the right-hand side of the road and that when he was approximately 100 yards from the plaintiff's vehicle it started backing across the street at about three to five miles an hour without any warning or signal. He released his accelerator and swerved left but the right side of his truck struck the left rear of the plaintiff's truck on the east side of the road and struck a few of a row of mail boxes. At this time he was traveling from 30 to 35 miles per hour and that he drove 339 feet from the point of impact to the place where he stopped.

A witness, one Tracey, who saw the accident, testified the defendant passed him 50 yards from the scene of impact at a speed of from 40 to 45 miles per hour, swerved to the left to go around plaintiff's backing truck striking its left rear, then going past it and stopping down the road.

The defendant filed 8 requests for rulings, which were dealt with by the court as follows:

1. and 2.   Denied. See special findings.

3.  Denied as not applicable to facts found.
4.  Allowed.
5.—8.  Allowed as a correct statement of law but see special findings.

The court found the following facts:

"I find that the defendant, with an unobstructed view of 600 feet, saw the plaintiff's oil truck backing across the road and that the defendant veered to the left, striking the plaintiff's vehicle in the left rear and traveled a further distance of 339 feet, knocking down several mail boxes, before coming to a stop. I further find that the sole cause of this accident was the negligence of the defendant and that the plaintiff was at all times in the exercise of due care."

The judge found for the plaintiff in the sum of $1,400.00. This finding of the judge is conclusive. The evidence supports it. Where there has been a collision between automobiles on highways ordinarily the question whether there has been negligence on one or both operators is a question of fact to be determined by the trier of fact. *Purtell v. Jordan,* 156 Mass. 573, 577; *Hennessey v. Taylor,* 189 Mass. 583, 584; *Emery v. Miller,* 231 Mass. 243, 245; *Powers v. Loring,* 231 Mass. 458, 460; *Hutchinson v. H. E. Shaw Co.,* 273 Mass. 51, 52; *Hughes v. Iandoli,* 278 Mass. 530, 534, 535; *Clark v. C. E. Fay Co.,* 281 Mass. 240, 242; *Pease v. Lenssen,* 286 Mass. 207, 208; *Morton v. Dobson,* 307 Mass. 394, 397. No facts appear here that would make this inapplicable.

We find no error in dealing with the de-

fendant's requests for rulings. Moreover, the defendant filed no brief and, as the appealing party, it may be taken that he has waived his appeal. As is stated in the case of *Lolos v. Berlin,* 338 Mass. 10, 13, 14 in regard to filing a brief,

> " . . . the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority."

*Bellamy v. Bellamy,* 342 Mass. 534, 536.

As there is no prejudicial error the report should be dismissed.

Ernest L. White, Jr., of Mansfield, for the Plaintiff.