MIDDLESEX SUPPLY, INC. *vs.* MARTIN & SONS, INC.

Middlesex.   April 3, 1968. — May 31, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Evidence*, Declaration of deceased person, Opinion.

In an action for loss of property of the plaintiff in a fire allegedly caused by negligence of employees of the defendant in cutting pipe with an oxygen acetylene torch close to the property, it was error prejudicial to the plaintiff to admit in evidence a report of the fire by an officer of the fire department, deceased before the trial, containing the statement "Probable cause, carelessly discarded cigarette," where there was in the evidence no other reference to smoking or cigarettes and such statement was mere opinion.

TORT.   Writ in the Superior Court dated April 23, 1963. The action was tried before *DeSaulnier*, J.

*Philip D. Epstein* (*Norton A. Goldstein* with him) for the plaintiff.

*Richard K. Donahue* for the defendant.

WILKINS, C.J.   This action of tort was to recover for the loss of personal property (count 1) and a shed (count 3) in a fire allegedly due to the defendant's negligence. There was a verdict for the defendant on each count. The only exception is to the admission in evidence of a deceased deputy fire chief's report.

On July 5, 1962, two welders employed by the defendant drove their truck, which had an oxygen acetylene torch and other apparatus for cutting pipe, onto the plaintiff's premises. There they bought a pipe which was too long to be transported on the truck. The welders started to cut the pipe with the torch not more than eight feet from the shed. Sparks flew in all directions, including under the shed. During the cutting the defendant's employees took no precautions, such as spreading sand in the vicinity or having available asbestos cloth or a hose or a bucket for water. It took about fifteen minutes to cut the pipe.   The de-

fendant's employees stayed for at least another fifteen to twenty minutes checking the area, but did not check under the shed to look for combustible material or sparks. There were one or two grass fires in the immediate area while they were cutting.

Subject to the plaintiff's exception there was admitted in evidence a report of operation of the fire department at this fire. This was prepared and signed by Assistant Chief James F. Grantz, deceased at the time of trial. The report stated the building was one story, of wood construction, and used as a storehouse; and "Probable cause, carelessly discarded cigarette."

Had Assistant Chief Grantz been living and available for cross-examination, his report, by itself, giving careless smoking as the cause of the fire would not have been admissible. *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, 185. See *Commonwealth* v. *Slavski*, 245 Mass. 405, 416. But since he was deceased at the time of trial, the defendant contends that the report is admissible as the declaration of a deceased person under G. L. c. 233, § 65 (as amended through St. 1943, c. 232, § 1).[1] The defendant further contends that, as nothing to the contrary appears, the admission of the evidence imports a preliminary finding of the essential facts by the trial judge. See *Old Colony Trust Co.* v. *Shaw*, 348 Mass. 212, 216. This rule does not apply, however, where the facts concerning the admission are not in dispute and the declaration itself shows that it is not within the statute. *Tafralian* v. *Metropolitan Life Ins. Co.* 316 Mass. 429, 431. The statute making admissible the declarations of deceased persons does not remove any ground of objection except the rule against hearsay. *Kulchinsky* v. *Segal*, 307 Mass. 571, 572. *Tafralian* v. *Metropolitan Life Ins. Co., supra*, 431.

Other than the disputed report, there was no reference

---

[1] "In any action or other civil judicial proceeding, a declaration of a deceased person shall not be inadmissible in evidence as hearsay or as private conversation between husband and wife, as the case may be, if the court finds that it was made in good faith and upon the personal knowledge of the declarant."

to smoking or to cigarettes in the evidence, and there was ample evidence of negligence of the defendant. Cf. *Sheldon Forwarding Co.* v. *Boston & Maine R.R.* 339 Mass. 679, 682–683. In these circumstances we think that the statement that the probable cause was a carelessly discarded cigarette is opinion only and therefore inadmissible. See *Little* v. *Northeastern St. Ry.* 223 Mass. 501, 504; *Keough* v. *Boston Elev. Ry.* 229 Mass. 275, 277–278; *Tafralian* v. *Metropolitan Life Ins. Co.* 316 Mass. 429, 430–432. Since this incompetent evidence may have influenced the jury, there must be a new trial. *Butchers Slaughtering & Melting Assn.* v. *Boston,* 214 Mass. 254, 259.

*Exceptions sustained.*